UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD COOPER,

    Plaintiff,

v.

CREDIT ACCEPTANCE CORPORATION,

    Defendant.

Case No. 25-cv-11415

Honorable Robert J. White

**ORDER GRANTING PLAINTIFF'S IFP APPLICATION AND DISMISSING THE COMPLAINT**

Before the Court is *pro se* Plaintiff Ronald Cooper's application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the applicant submits an affidavit demonstrating the inability "to pay such fees or give security therefor." Here, Cooper's application has made the required showing of indigence. The Court therefore grants the application and permits the complaint to be filed without requiring Cooper to prepay the filing fee.

In doing so, the Court will also dismiss the complaint for lack of subject matter jurisdiction.  Here, Cooper marked "Diversity of citizenship" as the basis for federal jurisdiction. (ECF No. 1, PageID.4).  Federal courts have diversity jurisdiction where there is complete diversity of citizenship between the parties, *Akno 1010 Mkt. St. St. Louis Mo. LLC v. Nahid Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022); *see also* 28 U.S.C. § 1332(a), and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." § 1332(a).  Although the parties appear to be from different states, (ECF No.1, PageID.4), Cooper neglected to indicate the amount in controversy or explain why it is more than $75,000, (*id.* at PageID.5). And based on the documents attached to his complaint, his claim seemingly consists of several charges all under $1,000.00. (*Id.* at PageID.8). The highest charge is $8,206.44, but even that falls well under § 1332(a)'s threshold. (*Id.* at PageID.9). And all together, the charges would not amount to $75,000.  Because Cooper did not satisfy § 1332(a)'s requirements, then, the Court will dismiss his complaint without prejudice.

\* \* \*

For the reasons given, the Court ORDERS that the Cooper's application for leave to proceed *in forma pauperis* (ECF No. 2) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further ORDERS that the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

The Court further ORDERS that Cooper may not file an appeal *in forma pauperis* because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: June 12, 2025                          s/Robert J. White
                                              Robert J. White
                                              United States District Judge